UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GOLD STAR HONEYBEES, LLC, et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | 1:25-cv-00551-LEW |
| RUNAMOK MAPLE, LLC, | ) ) | |
| Defendant | ) | |

## RECOMMENDED DECISION

Gold Star Honeybees, LLC, doing business as Run Amok Mead (Gold Star), commenced this action in November 2025 seeking (among other things) a declaratory judgment that its use of the mark "Run Amok Mead" does not infringe any trademark rights held by Defendant. (Complaint, ECF No. 1.)[1] Gold Star's owner and sole member, Christine Hemenway, signed the complaint and filed it on the entity's behalf without the assistance of an attorney.

In an order on Plaintiffs' motion to substitute Ms. Hemenway as a party, on May 8, 2026, I addressed the need for Gold Star to secure legal representation:

> Regarding the need for legal representation of Gold Star, it has "been the law for the better part of two centuries" that an artificial entity, like an LLC, "may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *accord Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 36 n.2 (1st Cir. 2012) ("[L]imited liabilities companies, like corporations, cannot litigate pro

---

[1] Because a "doing business as" designation is only a tradename, and not a designation of a separate entity, the Court refers to the entity, Gold Star Honeybees, LLC as the party that commenced this action, rather than referencing that entity's d/b/a name, Run Amok Mead.

se."). Courts have almost uniformly held that 28 U.S.C. § 1654—providing that 'parties may plead and conduct their own cases personally or by counsel,'— does not permit a corporate entity "to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. The First Circuit Court of Appeals has likewise "interpreted this statute as barring a non-lawyer from representing anyone else but himself or herself." *Ethan H. v. New Hampshire*, No. 92-1098, 1992 WL 167299, at *1 (1st Cir. July 21, 1992). The Court will not accept the answer to the counterclaim filed by Ms. Hemenway as Gold Star's pleading in response to the counterclaim, unless Ms. Hemenway establishes that Gold Star qualifies for one of the narrow exceptions to the general rule prohibiting pro se representation of a corporate entity. *See United States v. 414 E. Kennebec Rd.*, No. 1:24-cv-00168-JAW, 2024 WL 4528158, at *7-9 (D. Me. Oct. 18, 2024) (ordering briefing as to the propriety of considering the merits of pro se filings by the manager of a limited liability company).

(Order at 5-6, ECF No. 20.) I ordered that within thirty days of the order, Gold Star must arrange for counsel to enter an appearance or demonstrate that Ms. Hemenway was licensed to practice before the Court.

On June 15, 2026, Ms. Hemenway moved for additional time to comply with the Court's order. The Court extended the deadline to June 22, 2026. (Amended Order, ECF No. 30.) The Court also noted that because Ms. Hemenway had not demonstrated that she was licensed to practice law before this Court, Ms. Hemenway was not authorized to sign pleadings for Gold Star. (*Id.*) On June 19, 2026, Gold Star, through Ms. Hemenway, moved to extend the deadline to July 22, 2026. (Motion, ECF No. 34.) On July 15, 2026, I denied the motion and wrote:

Because Gold Star has had sufficient time to secure counsel and because Gold Star has provided no information to suggest that counsel will soon enter an appearance, I deny the motion for a further formal extension of the deadline. I will issue a separate recommended decision in which I will recommend the Court dismiss Gold Star's claims without prejudice unless counsel enters an appearance. If between now and the date the Court acts on the recommended

2

decision, counsel enters an appearance for Gold Star, I will withdraw the recommended decision.

(Order at 2, ECF No. 39.)

As of the date of this recommended decision, counsel has not entered an appearance for Gold Star. Because Gold Star is unrepresented by counsel and because Ms. Hemenway has not demonstrated that she is licensed to practice before this Court and, therefore, cannot represent Gold Star on its claim, I recommend that the Court dismiss without prejudice Gold Star's claim against Defendant unless, before the Court rules on this recommended decision, counsel licensed to practice law before this Court enters an appearance for Gold Star.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of July, 2026.

3