UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTINE HEMENWAY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00551-LEW |
| | ) | |
| RUNAMOK MAPLE, LLC, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO AMEND COMPLAINT

Plaintiff Christine Hemenway seeks leave to amend the complaint. (Motion, ECF No. 22.) Defendant Runamok Maple, LLC, opposes the request. (Opp'n, ECF No. 23.) Following a review of the record, and after consideration of the parties' arguments, I recommend that the Court deny the motion.

### BACKGROUND

This case began when Ms. Hemenway filed a complaint on behalf of Gold Star Honeybees, LLC, dba Run Amok Mead (Gold Star), seeking declaratory relief against Runamok Maple, LLC (Defendant). Through Ms. Hemenway, Gold Star sought a declaration that its use of the mark "Run Amok Mead" does not infringe any trademark rights held by Defendant, which holds federal trademark registrations for "Runamok" in various classes, including alcoholic beverages.

Along with its answer to the complaint, Defendant asserted a counterclaim against Gold Star for trademark infringement and unfair competition under federal and state law. Gold Star, lacking legal representation, in a pleading signed by Ms. Hemenway, moved to

substitute Ms. Hemenway as the plaintiff. (Motion to Substitute, ECF No. 14.) Ms. Hemenway also attempted to file an answer to Defendant's counterclaim against Gold Star. The Court denied the motion to substitute, joined Ms. Hemenway as a plaintiff, and advised Gold Star that it must arrange for legal representation within thirty days of the Court's order. (Order, ECF No. 20.)

Ms. Hemenway then moved for leave to amend the complaint. In the motion to amend, Ms. Hemenway asserts that the proposed amended complaint "responds" to the Court's order joining her as a party. (Motion at 1.) Ms. Hemenway further asserts that she seeks the amendment to allege claims on her own behalf, and that "Gold Star's operative pleading remains the original complaint." (Reply at 1, ECF No. 26.) While the motion has been pending, the Court dismissed Gold Star's claims without prejudice because Gold Star remained unrepresented by counsel. The Court also granted Defendant's request for default on its counterclaim against Gold Star.

## LEGAL STANDARD

After the time for amendments as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave" which shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may, however, be denied if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A complaint is futile if it would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Among other reasons, a claim may be subject to dismissal under Rule 12(b)(6) if it fails to plead a claim for relief distinct from the other claim(s), and provides

no further remedy in addition to the other claim(s) asserted. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 237 (1st Cir. 2013) (dismissing duplicative claim); *Savage v. City of Springfield*, No. 18-30164-KAR, 2020 WL 3086055, at *4 (D. Mass. June 10, 2020) (denying motion to amend to assert additional claim that was duplicative of the claims already pled). In assessing whether one claim is duplicative of another, the analysis turns on whether the claims seek relief based on different legal theories. *See Maxum Indem. Co. v. Thermax, Inc.*, No. 19-10583-NMG, 2020 WL 9743907, at *10 (D. Mass. Sept. 11, 2020) (recognizing that, under Federal Rule of Civil Procedure 8, a party may present alternative claims and plead alternative theories of liability based on the same set of facts).

## DISCUSSION

While I will assess Ms. Hemenway's motion in accordance with the legal principles that govern the amendment of pleadings, I note that the motion might be the product of a misunderstanding of the import of the order denying Ms. Hemenway's request that she replace Gold Star as the plaintiff in this case. In the order, I determined that substitution was not appropriate but joined Ms. Hemenway as a party-plaintiff. In my view, upon her joinder, Ms. Hemenway was deemed to allege the claim that she had asserted on behalf of Gold Star. To the extent Ms. Hemenway filed the motion to amend because she believed it necessary for her to assert a claim in addition to the claim she filed on behalf of Gold Star, the motion was unnecessary. With her joinder as a party-plaintiff, through the original complaint, Ms. Hemenway alleges a claim seeking a declaratory judgment that her use of the mark "Run Amok Mead" does not infringe any trademark rights held by Defendant.

The original complaint consists of one claim while the proposed amended complaint consists of three counts. In Count I of the proposed amended complaint, Ms. Hemenway seeks a declaration that her use of "Run Amok Mead" does not infringe any trademark rights held by Defendant; in Count II, alleging that Defendant's trademark registrations do not extend to mead, Ms. Hemenway asks the Court to declare that Defendant's registrations do not extend to "Run Amok Mead"; and in Count III, Ms. Hemenway seeks a declaration that she "holds valid and enforceable common-law trademark rights" in "Run Amok Mead" for mead. (Proposed Amend. Compl. at 7, ECF No. 22-1). In evaluating the motion to amend, the principal question for the Court is whether Ms. Hemenway proposes to amend the complaint to assert a claim for relief that is different from the claim asserted in the original complaint.

Although the original complaint does not allege the basis for Ms. Hemenway's claim with specificity, a fair reading of the complaint suggests that her request for relief will be governed by 15 U.S.C. § 1114, et seq., which provides remedies for infringement of registered marks.[1] Because Ms. Hemenway asks the Court to determine that she has not infringed Defendant's mark, the proof required to establish infringement necessarily informs the scope of Ms. Hemenway's claim.

To prevail on an infringement claim, Defendant would need to establish "(1) that its mark is entitled to trademark protection, and (2) that the allegedly infringing use is likely

[1] The Lanham Act, which is generally invoked in the pleadings, also provides a false designation of origin claim, 15 U.S.C. § 1125, which is "a close cousin to a claim for infringement of a federally registered mark" but "does not require that the mark or name be federally registered[.]" *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 78 (1st Cir. 1996).

to cause consumer confusion." *Bos. Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 12 (1st Cir. 2008). Count II of the proposed amended complaint simply seeks a declaration that Defendant cannot establish a necessary element of an infringement claim—that her use of "Run Amok Mead" is not likely to cause consumer confusion because Ms. Hemenway's product is distinct from Defendants' products.[2] Count II, therefore, can fairly be characterized as duplicative of the claim set forth in the original complaint.

In general, federal registration "gives a party which has successfully registered a federal mark a nationwide right to protection." *Bob's Discount Furniture, Inc. v. Bob's Discount Off-Price Superstores, Inc.*, 353 F. Supp. 2d 118, 125 (D. Me. 2005) (citing, inter alia, 15 U.S.C. § 1065). However, "preexisting users of the mark have certain limited defenses that afford them protection." *Id.* As relevant here, 15 U.S.C. § 1115(b)(5) provides a "limited area" defense based on common law rights to the mark in question. *See Thrifty Rent-A-Car Sys., Inc. v. Thrift Cars, Inc.*, 831 F.2d 1177, 1181 (1st Cir. 1987). The defense "confers upon a junior user . . . the right to continued use of an otherwise infringing mark in a remote geographical area if that use was established prior to the other party's federal registration." *Id.* The defense applies where the party charged with infringement (1) adopted the mark prior to registration of the mark by the party charging infringement; (2) without knowledge of the registrant's prior use; and (3) used the mark continuously

[2] "The similarity of the parties' product lines . . . is one factor among many that a court might consider when deciding whether there is a likelihood of confusion." *Clemente Props, Inc. v. Pierluisi-Urrutia*, 165 F.4th 1, 19 (1st Cir. 2026).

since its adoption, *Bob's Discount Furniture*, 353 F. Supp. 2d at 126, and it applies "only for the area in which such continuous prior use is proved." 15 U.S.C. § 1115(b)(5).

By seeking a declaratory judgment that she holds enforceable common law trademark rights in "Run Amok Mead," Ms. Hemenway is essentially asking the Court to rule on a defense to any infringement claim that Defendant has asserted or might assert. Indeed, in her reply memorandum in support of the motion to amend, Ms. Hemenway confirms that Count III invokes the defense provided by 15 U.S.C. § 1115(b)(5). (Reply at 2.)

The gravamen of the original complaint is that Ms. Hemenway's use of "Run Amok Mead" does not infringe on Defendant's marks. To establish her entitlement to declaratory relief, Ms. Hemenway can demonstrate (a) that Defendant's marks are not entitled to trademark protection, (b) that her use of "Run Amok Mead" is not likely to cause consumer confusion, (c) that she satisfies the "limited area" requirements of § 1115(b)(5) regarding the prior and continuous use of "Run Amok Mead," or (d) that she can satisfy some other defense to an infringement claim recognized by law. She is not required to plead a separate count for each method of proof. In Count III, Ms. Hemenway alleges a means by which she might prove non-infringement rather than a separate cause of action.

In sum, the claim in both the original complaint and in the proposed amended complaint is that her use of "Run Amok Mead" does not infringe. The proposed amendment would not add another claim. Instead, it would only risk confusion that Ms. Hemenway has alleged more than one claim or that she was limited in the recognized legal

theories that she can assert in support of her non-infringement argument. The proposed amendment, therefore, is neither necessary nor warranted.

## CONCLUSION

Following a review of the record, and after consideration of the parties' arguments, for the reasons stated above, I recommend that the Court deny the motion to amend the complaint. Consistent with the foregoing analysis and to prevent any confusion or uncertainty regarding Ms. Hemenway's status and the scope of her claim, I also recommend the Court confirm (a) that as a joined party-plaintiff, Ms. Hemenway has alleged the facts and claim asserted in the original complaint, and (b) that Ms. Hemenway may attempt to establish non-infringement by all means recognized by law, regardless of whether she has explicitly pleaded the method of proof.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of September, 2026.